# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **PATRICIA J. LEE,** | |
| **Plaintiff,** | |
| v. | |
| **Judge Jane Gallina-Mecca** | Civ. No. 21-20197 (KM) (JSA) |
| **Defendant.** | **OPINION & ORDER** |

**KEVIN MCNULTY, U.S.D.J.:**

Plaintiff Patricia Lee, alleging various civil rights violations and instances of judicial misconduct, filed an action against Judge Jane Gallina-Mecca, the state court judge presiding over her divorce case. Now before the Court is Plaintiff's Friday afternoon letter, which I interpret as a request for emergent relief. For the reasons expressed below, Plaintiff's request, interpreted as an application for a temporary restraining order, is **DENIED**.

## I. BACKGROUND

On November 23, 2021, Plaintiff, *pro se*, filed the complaint in this action, entitled "Verified Complaint for Damages, Declaratory and Injunctive Relief," which lists Dr. Bandy X. Lee as Plaintiff's "proxy."[1] (DE 1.) The complaint is related to divorce proceedings between Plaintiff and her husband, Alan Chan, a case currently pending in the Superior Court of New Jersey,

---

[1] In general, adult parties who are not incapacitated must appear *pro se* or through an attorney. *See Hernandez v. Cullison*, No. 05–3038, 2006 WL 1804579, *6 (D.N.J. June 26, 2006) ("The rules governing the practice of law in United States courts make clear that non-lawyers are not permitted to represent parties in federal court. Parties to a federal action are entitled to 'plead and conduct their own cases personally or by counsel,' but not by way of a lay representative." (quoting 28 U.S.C. § 1654)); *see also* L. Civ. R. 16.1(a)(3) (requiring parties not appearing pro se to be represented by an attorney in all pretrial matters).

Chancery Division, Family Part, Bergen County before the defendant, Judge Gallina-Mecca. (See DE 1 ¶13, Ex. A, Ex. B.) Plaintiff and Chan have two children, aged nine and seven, over whom Plaintiff seeks custody. (DE ¶29, Ex. A.) Judge Gallina-Mecca ordered that Chan have sole legal custody of the children and suspended Plaintiff's parenting time with the children on November 12, 2021.

In her complaint, Plaintiff claims that Defendant's actions in overseeing her divorce case and awarding Chan custody over their children were "arbitrary and improper." She alleges that the defendant state judge proceeded in an unfair manner, revealed confidential medical information, ignored "irrefutable evidence and allegations that the minor children . . . are in extreme danger" and even suicidal, ignored "numerous police reports" concerning "the abusive father," and "cover[ed] up this abuse." (DE ¶¶15-21, 31.) A central grievance seems to be the state judge's refusal to grant the Plaintiff a continuance on medical grounds, when "life-threatening medical issues" requiring "bed rest" precluded Plaintiff's attendance in court. (DE 1 ¶¶22-40.)[2]

This afternoon, December 3, 2021, Plaintiff submitted a letter to this Court requesting that this case "be heard on an emergency basis" because of risks to the children's safety. Specifically, Plaintiff alleges that over the last year, the children have become suicidal and at one point attempted to burn down their residence. Plaintiff's letter is phrased as a request for expedited consideration of the case, but out of caution I consider it as a motion for emergent injunctive relief, and write briefly to deal with it on that basis.

II. **DISCUSSION AND ANALYSIS**

   **A. Standard of Review**

A district court may issue injunctive relief in the form of a temporary restraining order, or TRO. Fed. R. Civ. P. 65(b)(1). A TRO may be issued

---

[2]   The complaint seeks declaratory and injunctive relief that Defendant's custody order violates the Fourteenth Amendment to the U.S. Constitution, an award of sole custody over the children to Plaintiff, and compensatory and punitive damages. (DE 1 ¶¶41-60.) I focus here on the request for immediate, emergent injunctive relief.

2

without notice to the adverse party but usually expires after 14 days. Fed. R. Civ. P. 65(b)(1), (2). A party seeking a temporary or preliminary injunction must demonstrate: (1) a reasonable likelihood of success on the merits; (2) the prospect of irreparable harm in the absence of an injunction; (3) that this harm would exceed harm to the opposing party; and (4) that the public interest favors such relief. *See, e.g., Sciele Pharma Inc. v. Lupin Ltd.*, 684 F.3d 1253, 1259 (Fed. Cir. 2012); *Antares Pharma, Inc. v. Medac Pharma, Inc.*, 55 F.Supp.3d 526, 2014 WL 3374614, at *2 (D. Del. 2014).

All factors are considered, but a showing on the first two is the key, threshold issue. For a TRO to issue, the movant must provide "specific facts in an affidavit or a verified complaint [that] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard." Fed. R. Civ. P. 65(b)(1)(A). In addition, courts ask whether the movant can show "a likelihood of success on the merits of [her] claim." *Durel B. v. Decker*, 455 F. Supp. 3d 99, 106 (D.N.J. 2020).

### B. Discussion

Plaintiff is not entitled to an immediate TRO because she has not "clearly show[ed]" a likelihood of success on the merits or "immediate and irreparable injury." Fed. R. Civ. P. 65(b)(1)(A).

To begin with, the letter application for expedited relief does not come close to meeting the requirements for a motion in this court. It does not contain the statement required by Local Rule 65.1 justifying an application *ex parte,* without notice to the defendant state court judge. It does not contain a "clear and specific showing by affidavit." *Id.* The only submission actually titled as a motion (DE 1-3) seeks recusal of the state judge under the New Jersey Court Rules, a matter over which this court has no jurisdiction. In light of the Plaintiff's *pro se* status, however, I consider the merits briefly.

Plaintiff asserts causes of action under 42 U.S.C. § 1983. Many a litigant, disappointed with state court rulings, has hit upon the strategy of suing the judge, but the tactic rarely if ever succeeds. Section 1983 itself severely limits

injunctive relief against a state court judge: "[I]n any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

Plaintiff has not shown any entitlement, clear or otherwise, for this court to vacate orders of the family court or compel a state judge to decide issues in a particular way. The allegations of harm to the children are indeed troubling, but the primary forum for such allegations is the state court proceeding itself. A federal district court does not sit to correct or hear appeals from a state trial court; the state appeals courts occupy that role. And the plaintiff's complaints about interlocutory rulings in her case, or the manner in which it is being handled, do not on their face suggest a deprivation of due process, *i.e.,* basic notice and the right to be heard. The facts about the husband's fitness as a custodian for the children must be presented to the state court, and factual disputes must be resolved by that court. In short, the plaintiff has demonstrated no likelihood of success on any claim that would support the relief requested here: that this Court should adopt Plaintiff's version of the facts; reject her husband's version (which is not before the Court); take over the decision-making process in this family court case; and recuse the state judge.

There is also the matter of irreparable injury. Injury to the children is, of course, alleged. But the issues are in the hands of the state court system. Remedies for an erroneous ruling, or even an unfair one, are available within that system. There are likewise mechanisms for correction of judicial misconduct, assuming it has occurred. Any legal or procedural error in the state court process is subject to correction through the ordinary processes of reconsideration or appeal.

### III.   ORDER

For the reasons set forth above,

IT IS this 3rd day of December, 2021

ORDERED that the motion for emergent TRO relief is denied.

The court is open to expedited treatment, but first the plaintiff must serve the defendant with her summons and complaint. At that point an expedited schedule may be arranged by conference with the assigned Magistrate Judge. In the meantime, the Plaintiff is strongly urged to pursue her remedies within the state court system, which is best equipped to correct any errors.

/s/ Kevin McNulty

_____

**Hon. Kevin McNulty
United States District Judge**